UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VANESSA WONG,

    Plaintiff(s),

    v.

WALGREEN INCOME PROTECTION PLAN FOR STORE MANAGERS,

    Defendant(s).

No. C 13-1884 PJH

**ORDER RE MOTION RE STANDARD OF REVIEW AND MOTION RE DISCOVERY**

    Defendant's motion re standard of review and plaintiff's motion re scope of discovery came on for hearing before this court on January 29, 2014. Plaintiff Vanessa Wong ("plaintiff") appeared through her counsel, Robert Rosati. Defendant Walgreen Income Protection Plan for Store Managers ("defendant") appeared through its counsel, Brendan Begley. Having read the papers filed in conjunction with the motions and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion and GRANTS plaintiff's motion for the reasons stated at the hearing and as follows.

    As to the standard of review, there is no dispute that the plan administrator was delegated discretionary authority to determine eligibility for benefits or to construe the terms of the plan, which generally results in an "abuse of discretion" standard of review. See, e.g., Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 110-11 (2008). However, plaintiff claims that the plan administrator "engage[d] in wholesale and flagrant violations of the procedural requirements of ERISA, and thus act[ed] in utter disregard of the underlying purpose of the plan," which justifies a de novo standard of review. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 971 (9th Cir. 2006). While the court does find some

procedural irregularities in the consideration of plaintiff's claim, the court disagrees that they rise to the level of "wholesale and flagrant violations of the procedural requirements of ERISA." Thus, the court finds that the abuse of discretion standard of review is applicable to plaintiff's claims, and therefore GRANTS defendant's motion.

However, while the procedural irregularities identified by plaintiff do not justify altering the standard of review, they do justify some limited discovery. Specifically, the court finds that the confusion surrounding the medical report of Dr. Bruce LeForce justifies some discovery into how the confusion occurred. Accordingly, the court GRANTS plaintiff's motion for discovery, and allows plaintiff to take the depositions of Cynthia Craig, Sonia Brown, Ericka McGrew, and Jasmine Nurse, on the limited topic of the irregularities surrounding Dr. LeForce's report (and not on any broader issues regarding structural conflicts of interest). Plaintiff shall also be entitled to documents that are directly related to the procedural irregularities surrounding the LeForce report.

**IT IS SO ORDERED**.

Dated: January 31, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge